STATE v. RONALD DALE BOLDRA.

195 N. W. 2d 578.

March 3, 1972—No. 42242.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie Wahl,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Paul J. Tschida,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

Per Curiam.

Appeal from a judgment of conviction in a prosecution for the offense of criminal negligence resulting in the death of a human being, contrary to Minn. St. 609.21.[1] Defendant was fined and sentenced. The

---

[1] Minn. St. 609.21 provides: "Whoever operates a vehicle as defined in Minnesota Statutes, Section 169.01, Subdivision 2, or an aircraft or watercraft, in a grossly negligent manner and thereby causes the death of a human being not constituting murder or manslaughter is guilty of criminal negligence in the operation of a vehicle resulting in death and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both."

sentence committing defendant to the custody of the commissioner of corrections was stayed, and he was placed on probation. It is contended that the evidence was insufficient to support the verdict.

From the record the jury could find that defendant ignored a highway stop sign and drove his automobile into an intersection, causing an accident which resulted in the deaths of two people. The other car involved was traveling in a southerly direction on a through highway. The stop sign at the intersection was observable from approximately a half mile away when approaching from the east, as defendant was doing. Defendant entered the intersection, without stopping, at a speed of 50 miles an hour or more. At the hospital, after the accident, defendant volunteered to the ambulance driver: "I'm in trouble * * * I run that stop sign. I thought I could beat that car."

The controlling law with reference to the elements of the offense is fully set forth in State v. Bolsinger, 221 Minn. 154, 21 N. W. 2d 480 (1946), and reviewed in the later case of State v. Brehmer, 281 Minn. 156, 160 N. W. 2d 669 (1968). While it is true that we do not have here the element of driving while under the influence of liquor, which is usually found in this type of prosecution, a conviction may nevertheless be had where evidence of other circumstances supports the conviction.

On the record before us, the issue of defendant's guilt or innocence presented a fact question for the jury. We have said on numerous occasions that, in passing upon the weight and sufficiency of the evidence, the scope of our review is limited to ascertaining whether, under the evidence contained in the record, the jury could reasonably find the accused guilty of the offense charged. If the jury, acting with due regard for the presumption of innocence and for the necessity of overcoming it by proof beyond a reasonable doubt, could reasonably conclude that defendant was proved guilty of the offense charged, a reviewing court will not disturb its verdict. State v. Markuson, 261 Minn. 515, 113 N. W. 2d 346 (1962); State v. Fulford, 290 Minn. 236, 187 N. W. 2d 270 (1971).

Affirmed.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.